CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 2 9 2016

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL E. JACKSON,<br>Plaintiff, | ) ) ) | Civil Action No. 7:16-cv-00047 |
| v. | ) ) | **MEMORANDUM OPINION** |
| E. BARKSDALE, et al.,<br>Defendants. | ) ) ) | By: **Hon. Michael F. Urbanski**<br>**United States District Judge** |

Michael E. Jackson, a Virginia inmate proceeding pro se, filed a civil action pursuant to

42 U.S.C. § 1983 and the Virginia Tort Claims Act, naming staff of the Red Onion State Prison

("ROSP") as defendants. Defendants filed a motion to dismiss, to which Plaintiff responded,[1]

making the matter ripe for disposition. After reviewing Plaintiff's submissions, the court grants

the motion to dismiss and dismisses the complaint.

I.

Plaintiff was charged with a "224" infraction for possessing contraband at ROSP, and he

accepted a penalty offer for the temporary loss of phone privileges. After Plaintiff accepted the

penalty offer, the Institutional Classification Authority ("ICA") convened a meeting and

recommended that Plaintiff's housing assignment be changed to segregation. Defendant Younce

approved the ICA's recommendation, and Plaintiff was moved into segregation.

Plaintiff asserts that these two separate consequences resulting from one institutional

conviction constitute double jeopardy and violate due process and equal protection. Plaintiff also

passingly asserts that the temporary deprivation of unspecified personal property for an

unspecified amount of time violates the Fourth Amendment and that defendants violated various

prison policies or procedures while adjudicating the charge or assigning him to segregation.

---

[1] Plaintiff also filed several motions for default judgment. These motions are denied because the
defendants timely responded to the complaint.

Finally, Plaintiff complains that defendant Warden Barksdale did not remedy the alleged deprivation of rights during administrative review of the disciplinary conviction or assignment to segregation.

## II.

The court must dismiss an action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[2] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

The complaint fails to state a claim upon which relief may be granted. The Double Jeopardy Clause does not apply to prison disciplinary proceedings. See, e.g., Breed v. Jones, 421

---

[2] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

2

U.S. 519, 528 (1975); Lucero v. Gunter, 17 F.3d 1347, 1350 (10th Cir. 1994); Patterson v. United States, 183 F.2d 327, 327-28 (4th Cir. 1950). Plaintiff's simple allegations that he forfeited phone privileges and was assigned to segregation does not describe an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. See, e.g., Sandin v. Conner, 515 U.S. 472, 486-87 (1995); Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997); see also Wolff v. McDonnell, 418 U.S. 539, 564-71 (1974) (describing circumstances when due process is warranted for prison disciplinary hearings). Plaintiff's conclusory invocations of "due process," "equal protection," and the "Fourth Amendment" do not warrant the assumption of truth and do not state an actionable claim. The claim that prison officials have not followed their own independent policies or procedures also does not state a constitutional claim. See United States v. Caceres, 440 U.S. 741, 752-55 (1978); Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). Lastly, Plaintiff cannot pursue a claim under the Virginia Tort Claims Act in federal court. See, e.g., McConnell v. Adams, 829 F.2d 1319, 1329 (4th Cir. 1978); Creed v. Virginia, 596 F. Supp. 2d 930, 938 (E.D. Va. 2009). Accordingly, the complaint must be dismissed for failing to state a claim upon which relief may be granted.

## III.

For the foregoing reasons, the court denies Plaintiff's motions for default judgment and grants Defendants' motion to dismiss.

ENTER: This ___29th___ day of September, 2016.

/s/ Michael F. Urbanski

United States District Judge

3